UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BRIAN MALLGREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-02949 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons discussed below, dismisses this matter for failure to meet the minimal pleading standards of Federal Rule 8(a).

Plaintiff, a resident of the District of Columbia, sues the United States. *See* Compl. at 1; Compl. Supplement ("Compl. Supp."), ECF No. 1-2. The Complaint is vague and sparse. Plaintiff states only that "Federal operation requires federal implement, without which would undermine community merit. United States Housing and Urban Development hereby ordered requested voucher transfer facilitation. If state and municipalities found unwilling, execute federal appropriation by eminent domain." Compl. Supp. at 1. The remainder of the Complaint consists of an unexplained email chain, *see* D.C. LCvR 5.1(e), between Plaintiff and representatives from PIBLY Residential Programs, Inc., located in Bronx, New York, regarding checks from HUD, *see* Compl. Exhibit, ECF No. 1-1.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint

to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's nebulous assertions fall well short of providing notice of any claim or establishing this Court's subject matter jurisdiction.

    Accordingly, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 20, 2025

TREVOR N. McFADDEN
United States District Judge